## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50116

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ROBERTO LOYA; CLARENCE COUNTERMAN,

Defendants - Appellants

United States Court of Appeals
Fifth Circuit

**FILED**

April 25, 2018

Lyle W. Cayce
Clerk

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:15-CR-1442-1

Before ELROD, COSTA, and HO, Circuit Judges.

PER CURIAM:*

Appellants Clarence Counterman and Roberto Loya were charged with operating a Ponzi scheme in El Paso, Texas. A jury convicted them of conspiracy to commit wire fraud and of multiple counts of wire fraud. On appeal, they raise multiple challenges to their convictions and sentences.

Counterman first argues (as does Loya, by adopting the relevant portion of Counterman's brief under Federal Rule of Civil Procedure 28(i)) that the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court abused its discretion by impaneling jurors to whom the defendants had objected.  Counterman and Loya contend that the indictment's use of the word "victim" might have led the jurors to assume that someone had indeed been victimized, and that in light of this risk, the district court failed to properly inquire into the jurors' ability to render a fair and impartial verdict.  But the judge explicitly cautioned the jurors against making such an assumption based on the language of the indictment.  And we have long recognized that "deference must be paid to the trial judge who sees and hears the [prospective] juror." *United States v. Duncan,* 191 F.3d 569, 573 (5th Cir. 1999) (alteration in original) (citation omitted).  Lacking any evidence that these jurors were actually biased against Counterman and Loya, we find no error.

Counterman next appeals from the district court's denial of his motion for acquittal, alleging the evidence against him was insufficient to support his conviction.[1]  "We review a claim of insufficiency of the evidence in the light most favorable to the verdict, affording the government the benefit of all reasonable inferences." *United States v. Ingles,* 445 F.3d 830, 834–35 (5th Cir. 2006).  The record here was plainly sufficient to support Counterman's conviction for both offenses.

Both defendants challenge the district court's imposition of the sophisticated means and leadership role enhancements under the Sentencing Guidelines.  Counterman additionally challenges the court's application of the abuse of trust enhancement and argues that the district court failed to explain its sentence.  *See* U.S.S.G. §§ 2B1.1(b)(10), 3B1.3, 3B1.1.  But as the record

---

[1] Loya also seeks to adopt this point; however, he may not do so.  Insufficiency-of-the-evidence arguments are necessarily fact-specific, and we do not allow appellants to adopt such arguments by reference. *See United States v. Alix*, 86 F.3d 429, 434 n.2 (5th Cir. 1996) (citations omitted).

shows, these enhancements were properly applied. Counterman and Loya's scheme was highly complex, and both men played leading roles in administering this fraud. Moreover, Counterman leveraged his position as a tax preparer to lure his targets into the Ponzi scheme, so the abuse of trust enhancement was appropriate. And the district court did provide an explanation of its sentence—albeit a succinct one—so Counterman's claim lacks merit.

Finally, Counterman and Loya challenge their sentences as unreasonable under 18 U.S.C. § 3553(a). But both defendants received Guidelines sentences, and in our circuit "[a] discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). We have no basis for second-guessing the district court's decision.

The judgment of the district court is AFFIRMED.